## Baker v. Bowman & Cockrell, et al.

(Decided December 4, 1913).

### Appeal from Rockcastle Circuit Court.

Appeal—Parties.—Appellant was a party to an action in the lower
    court. The lien which she asserted was denied. She complains
    that she was not made a party to an appeal in an action by credi-
    tors to subject land to their debt. Held, as she was a party to
    the action in the lower court she is bound by the proceedings
    there.    She presents no other records or proceedings and no
    reason is perceived for altering or modifying the former opinion.
    (See 147 Ky., 437).

L. W. BETHURUM for appellant.

C. C. WILLIAMS for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Bowman & Cockrell were judgment creditors of A. H.
Baker, and sought to subject a certain tract of land to
the payment of their debt. Patsey E. Baker intervened
seeking to enforce a purchase money lien thereon. Proof
was taken, and the case tried out, and the lower court
dismissed the petition of Bowman & Cockrell as well as
that of Patsey E. Baker. Both prayed an appeal. Bow-
man & Cockrell brought the record here, and on March
7, 1912, this court handed down the opinion which is re-
ported in 147 Ky., 437. We there adjudged that Bow-
man and Cockrell were entitled to subject the land to the
payment of their debt. This decision was a denial of
any right which the appellant here, Patsey E. Baker, had
to the land. Her claims were carefully considered, and
we reached the conclusion that the note which she held,
and asserted as a lien against the land, was fictitious,
and "was prepared with the sole view of defeating ap-
pellants (Bowman & Cockrell) in this action."

The appellant, Patsey E. Baker, now appeals from
that same judgment of the lower court wherein her action
as well as Bowman and Cockrell's was dismissed, and
brings here the identical record upon which we denied
her claim to a lien on the land.

The only excuse her counsel urge for a rehearing of
the record is that Bowman & Cockrell did not make her
a party to that appeal, that is, in their statement of the
appeal she was not named in it as a party appellant, or

appellee. As above stated she was a party to the action in the lower court, and was bound by all the proceedings there. She presents here no other records or proceedings and we see no reason for altering, or modifying our opinion handed down in the Bowman & Cockrell case, and reported as above stated.

For the reasons indicated the judgment of the lower court as to Patsey E. Baker is affirmed.